UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:25-CR-20560-TGB-KGA |
| | ) |
| DAVID TAYLOR, | ) |
| | ) |
| Defendant. | ) |

**MOTION TO REVOKE DETENTION ORDER**

COMES NOW Defendant, David Taylor ("Taylor"), by and through counsel, and moves this Court, pursuant to 18 U.S.C. § 3145(b), to revoke the detention order of the magistrate judge and admit him to bail on a combination of conditions of release that will reasonably assure his appearance as required and the safety of any other person or the community, as recommended by pre-trial services.

The Government has charged Taylor by indictment with ten counts: Conspiracy to commit Force Labor, 18 U.S.C. § 1594(b) (Count One), Forced Labor, 18 U.S.C. § 1589 (Counts Two through Nine), and Money Laundering Conspiracy, 18 U.S.C. § 1956(h) (Count Ten). Counts One through Nine qualify as "crimes of violence" pursuant to 18 U.S.C. § 3142(f)(1), and because of their mandatory maximum sentence a presumption in favor of detention exists pursuant to 18 U.S.C. § 3142(e)(3)(D*).*

Once the presumption under Section 31412(f)(1) arises, the defendant is burdened with producing evidence that he or she is not a flight risk or danger to the

1

community. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). That burden is "not heavy" and is met by the production of "some evidence." *Id.* Taylor can rebut the presumption through evidence of his age, his lack of criminal history, and his conduct during the investigation of this case. The magistrate concluded, using the word "assume," that Taylor overcame the presumption of detention.

As Taylor can rebut the presumption in favor of detention, the Government carries the burden of establishing that there are no conditions or combinations of conditions of release that will reasonably assure his appearance in court and the safety of any individual or the community. *United States v. Marcrum*, 953 F. Supp. 2d 877, 881 (W.D. Tenn. 2013). The facts that support a finding that Taylor is a danger to the safety of an individual or the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2). The facts that support a finding that Taylor presents a risk of nonappearance must be established by a preponderance of the evidence. *United States v. Brown*, 601 F. Supp. 3d 196, 200 (W.D. Ky. 2022). The magistrate stated that the Government had "come close" to establishing a risk of non-appearance, but instead ordered detention on the basis of Taylor being a danger to the community.

The Government cannot carry this burden, as the allegations that Taylor is a flight risk and/or danger to the community are vague, imprecise, and can be ameliorated by appropriate conditions of monitoring, residency, and conduct. Taylor is a middle-aged man with no criminal history, no record of substance abuse, no record of violence, no record of failing to appear for court dates, a demonstrated

history of complying with the Government's investigatory efforts, and a strong support system that will provide him with a stable residence.

## CONCLUSION

FOR THE FOREGOING REASONS, the Government has not shown by clear and convincing evidence that Taylor is a danger to any person or the community. In the Bail Reform Act, Congress sought to demonstrate its concern for a "small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community." S. Rep. No. 98-225. p. 11 (1983) U.S. Code Cong. & Admin. News 1984, p. 3189. For these "demonstrably dangerous defendants" who pose a "strong probability" and "especially grave risk" of criminal activity, Congress deemed detention appropriate. *Id.* at 3188-90 (emphasis added). For the remainder, it did not. Taylor does not fit within this small class of defendants. Accordingly, Taylor respectfully requests this Honorable Court revoke the detention order of the magistrate judge and, pursuant to Title 18 U.S.C. § 3145(b), admit him to bail on a combination of conditions of release that will reasonably assure his appearance at trial and the safety of the community or any other person.

Respectfully Submitted,

ROSENBLUM, SCHWARTZ, FRY & JOHNSON

By: */s/ N. Scott Rosenblum*

N. SCOTT ROSENBLUM, 33390MO
Attorney for Defendant
120 S. Central Avenue, Suite 130
Clayton, MO  63105
(314) 862-4332

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2025 the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system.