UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**DAVID TAYLOR,**<br><br>Defendant. | **2:25-CR-20560-TGB-KGA**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DENYING MOTION TO RECONSIDER ORDER OF DETENTION (ECF NO. 64)** |

Defendant David Taylor was indicted with his co-defendant, Michelle Brannon, on one count of Conspiracy to Commit Forced Labor in violation of 18 U.S.C. § 1594(b) (Count One); six counts of Forced Labor in violation of 18 U.S.C. § 1589 (Counts Two through Seven); and one count of Money Laundering Conspiracy in violation of 18 U.S.C. § 1956(h) (Count Ten). ECF No. 1. Taylor is charged with an additional two counts of Forced Labor in violation of 18 U.S.C. § 1589 (Counts Eight and Nine). *Id.* Taylor was ordered detained pending trial by Magistrate Judge Kimberly G. Altman on October 17, 2025. ECF No. 56. Taylor challenged that detention order before this Court. After a hearing on October 21, 2025, the Court ordered Taylor's continued detention, providing detailed reasoning for its decision in a bench ruling. ECF No. 58.

Presently before the Court is Taylor's Motion to Reconsider Order of Detention. ECF No. 64. The Government has filed a response in opposition, ECF No. 69, and Taylor has filed a reply brief in support of

his motion. ECF No. 71. The Court held a hearing on Defendant's motion on December 15, 2025, at which counsel for the Government and Defendant appeared and argued. Following the hearing, the Government filed two exhibits, as requested by the Court during the hearing: (1) the entire text message referenced on page 17 of the Government's Response, ECF No. 80 (consisting of one page), and (2) the FBI 302 Reports of Victim Statements for victims V-1 through V-8, ECF No. 82 (consisting of 158 pages) (filed under seal). For the reasons stated below, Defendant's Motion for Reconsideration of Order of Detention will be **DENIED**.

## I.   BACKGROUND

Defendant David Taylor is the leader and original founder of the Kingdom of God Global Church ("KOGGC"), formerly known as Joshua Media Ministries International ("JMMI"). He refers to himself as "Apostle" and "Jesus's best friend," claiming that God has given him the "keys to the Kingdom on Earth." Co-Defendant Michelle Brannon is the Executive Director of KOGGC.

On July 23, 2025, a federal grand jury indicted Taylor and his co-defendant, Michelle Brannon, on one count of Conspiracy to Commit Forced Labor in violation of 18 U.S.C. § 1594(b) (Count One); six counts of Forced Labor in violation of 18 U.S.C. § 1589 (Counts Two through Seven); and one count of Money Laundering Conspiracy in violation of 18 U.S.C. § 1956(h) (Count Ten). ECF No. 1. Taylor is charged with an additional two counts of Forced Labor in violation of 18 U.S.C. § 1589

2

(Counts Eight and Nine). *Id.* On February 12, 2025, a First Superseding Indictment was entered, adding Kathleen Klein as a co-defendant charged with Conspiracy to Commit Forced Labor in violation of 18 U.S.C. § 1594(b) in Count One . ECF No. 91. The Government charges that since 2013, Taylor, Brannon, and Klein together compelled the labor of individuals who joined their organization by prohibited means including force, physical restraint, serious harm, and threats of those actions. *Id.*

On August 27, 2025, FBI agents arrested Taylor in Durham, North Carolina, and arrested co-defendant Michelle Brannon in Tampa, Florida. On the same day, Taylor requested a detention hearing in the Eastern District of Michigan and consented to detention until he arrived in Michigan. Brannon made the same request in Tampa, Florida; and the Government filed a motion for detention in advance of Brannon's initial appearance in Tampa. *See United States v. Brannon*, No. 8:25-mj-2871, ECF No. 2 (M.D. Fla. Aug. 27, 2025).

Brannon arrived in the Eastern District of Michigan before Taylor. On September 29, 2025, the Government filed a memorandum in support of detention as to Brannon. ECF No. 30. On September 30, 2025, Magistrate Judge David R. Grand held a detention hearing regarding Brannon and released her with conditions. ECF No. 39. On October 1, 2025, this Court held a hearing on the Government's appeal of the

decision to release Brannon and affirmed the decision, while setting additional conditions of release. ECF No. 36.

On October 14, 2025, the Government filed its memorandum in support of detention as to Taylor. ECF No. 47. On October 16, 2025, Taylor filed a response brief arguing for release. ECF No. 48. Magistrate Judge Kimberly Altman held a detention hearing on October 17, 2025 and ordered the detention of Taylor pending trial. ECF No. 56.

Taylor appealed that detention order and filed a Motion to Revoke Detention Order, pursuant to 18 U.S.C. § 3145(b), and a separate Memorandum in Support of Release from Detention. ECF Nos. 53, 57. On October 21, 2025, this Court held a hearing on Taylor's appeal of the detention order. At this hearing, Taylor produced exhibits and called and examined a witness to support his argument for release. At the conclusion of the hearing, the Court delivered a detailed bench order declining to revoke Magistrate Judge Altman's detention order. ECF No. 58.

The Court initially found that the presumption of detention applies in this case and further found that Taylor met his burden of production to rebut the presumption. ECF No. 62, PageID.468. The Court then went on to consider the four factors set forth in 18 U.S.C. § 3142(g). *Id.* PageID.466–82. The Court first found that nature and circumstances of the charged offenses to be "extremely serious," involving eight named victims and charges of forced labor that occurred over more than a

decade. *Id.* PageID.468–72. The Court next found that "the weight of the evidence with respect to the danger to the community and … risk of flight" to be "quite significant," supported by the messages sent by Taylor directing deprivation of food, sleep, and shelter, the sexual exploitation of members of the church, messages indicating "he would possibly disclose those [sexual] images if they did not do what he wanted," and physical violence Taylor and others inflicted on workers. *Id.* PageID.474– 77. The Court further examined the history and characteristics of Taylor, noting he does not have a criminal record and that while "the type of employment that Mr. Taylor's been involved in normally would be a positive thing," "[t]he problem … is that the government's evidence suggests that … the type of conduct [by Taylor] that was going on involved forced labor." *Id.* PageID.477–79. Finally, the Court carefully analyzed the "nature and seriousness of the danger to the community that would be posed by [Taylor's] release," and found that "the evidence that's been presented here has strongly shown a pattern of abusive conduct, manipulative conduct, in some cases violent conduct and coercive conduct" such that there are no conditions "that would separate Mr. Taylor from the entity that engaged in all that kind of conduct and resulted in those charges." *Id.* PageID.479–81.

On November 4, 2025, Taylor filed the instant Motion for Reconsideration of Order of Detention currently pending before the Court. ECF No. 64. The Government filed a response in opposition to

Taylor's motion, ECF No. 69, and Taylor filed reply briefs. ECF Nos. 71, 73. The Court heard oral argument on the motion on December 15, 2025, and based on the Government's assertion that Taylor has provided select excerpts of certain text messages out of context and allegations made by Taylor that the full context of the FBI's interview report of victims would support his motion, requested the Government to file  two exhibits: (1) the entire text message referenced on page 17 of the Government's Response, ECF No. 80, and (2) the full set of FBI 302 Reports of Victim Statements for victims V-1 through V-8, ECF No. 82 (filed under seal).

## II.   LEGAL STANDARD

The Bail Reform Act permits the Court to reopen a detention hearing "at any time before trial, if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).[1] To reopen a detention hearing, the

---

[1]    Taylor incorrectly moves for reconsideration of the Court's detention order under E.D. Mich. LR 7.1(h) instead of the specific procedures for appeal of a detention order or reopening of a detention hearing set forth in the Bail Reform Act, 18 U.S.C. §§ 3145, 3142(f). Despite the Government setting forth the correct standard for appeal under 18 U.S.C. § 3142(f)(2)(B) in its response brief, Taylor continues to fail to address that proper standard in his reply brief. However, even under LR 7.1(h), for the reasons set forth *infra*, Taylor fails to identify a

Court assesses whether "new information exists that was unknown to the movant at the time of the hearing," and whether "the new information has a material bearing" on the existence of conditions that will reasonably assure the defendant's appearance and the safety of others. *United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012).

As to the first requirement that the information be unknown at the time of the detention hearing, "many courts have interpreted this provision strictly, holding that a detention hearing should not be reopened if the evidence was available at the time of the hearing." *United States v. Fordham*, No. 3:22-CR-109-1, 2022 WL 2898912, at *4 (M.D. Tenn. July 21, 2022) (citing *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991)); *see also United States v. Bothra ("Bothra II")*, No. 20-1364, 2020 WL 2611545, at *1 (6th Cir. May 21, 2020) ("Courts interpret this requirement strictly, requiring a showing of truly changed circumstances or a significant event." (citations omitted)). "The requirement that the evidence be previously unknown precludes a party from a second bite of the detention apple unless there is some demonstrated legitimate reason for not having initially presented the evidence." *United States v. Gilmore*, No. 3:24-CR-19-KAC-JEM, 2024 WL 4942370, at *2 (E.D. Tenn. Dec. 2, 2024) (citation modified) (quoting

---

mistake the Court made, an intervening change in controlling law, or new facts warranting a different outcome, and thus reconsideration is properly denied.

*United States v. Adams*, No. 24-121, 2024 WL 4227313, at *3 (E.D. La. Sept. 18, 2024)). Thus, "a defendant cannot re-open detention to present evidence that he could have investigated before the detention hearing." *Id.* (observing that "[m]ost courts" agree with the "strict interpretation of § 3142(f)" wherein a defendant is charged with "not just actual knowledge, but also constructive knowledge, i.e., knowledge that one using reasonable care or diligence should have") (citing *Adams*, at *4).

As for the materiality prong, "the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *Watson*, 475 F. App'x at 600. As to this second prong, the new information must be "sufficiently material to the issues of dangerousness," *United States v. Sandles*, 9 F. App'x 377, 379 (6th Cir. 2001), such as "truly changed circumstances, something unexpected, or a significant event." *United States v. Jerdine*, No. 1:08 CR 00481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009), *aff'd*, 511 F. App'x 391 (6th Cir. 2013).

Whether to grant a motion to reopen is a matter within the Court's discretion. *Watson*, 475 F. App'x at 600.

## III.   DISCUSSION

Having reviewed the materials and the arguments adduced by Taylor in support of his motion to reopen, it is clear that the facts and reasoning that supported Taylor's detention in October 2025 have not

8

changed in his favor. To order the detention of a defendant pending trial, a court must find that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, courts consider:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). A finding of detention must be supported by "clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(B). "The default position

of the law, therefore, is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).

Taylor was ordered detained pending trial at the onset of this case following a detention hearing before Magistrate Judge Altman. Then at the October 21, 2025 hearing on Taylor's motion to revoke that detention order before this Court, the Government presented evidence by proffer, the defense presented a witness, and both sides argued in support of their respective positions. Transcript, ECF No. 62. The Court then issued a detailed bench ruling, analyzing the relevant § 3142(g) factors, and finding by clear and convincing evidence that no condition or combination of conditions will adequately protect the community from danger to other persons or the community, and that Taylor's motion to revoke the order of detention was denied. *Id.* PageID.466–81.

Thus, to proceed at this procedural stage of the case, Taylor "must now persuade the Court that his detention hearing should be reopened pursuant to 18 U.S.C. § 3142(f)." *United States v. Harris*, No. 23-117, 2025 WL 1256806, at *11 (S.D. Ohio May 1, 2025). As discussed above, this provision grants the Court discretion to reopen a detention hearing if it finds that (1) new information exists that was not known to Taylor at the time of the October 21, 2025 hearing, and (2) that the information "has a material bearing on the issue whether there are conditions of release that will reasonably assure" Taylor's appearance and the safety of any other person and the community. *See* 18 U.S.C. § 3142(f)(2);

*Watson*, 475 F. App'x at 599 ("We have held that the 'use of the word "may" as opposed to "will," … implies that the district court has discretion in determining whether to grant the motion.'") (quoting *Carver v. Bunch,* 946 F.2d 451, 453 (6th Cir.1991)).

The Government argues that Taylor fails to present any new information that was unknown to him at the time of the original detention hearings. ECF No. 69, PageID.575–79. The Government further argues that the information Taylor does present is not material to Taylor's likelihood of appearance or the danger he would pose if released. *Id.* PageID.579–88. The Court agrees.

### A. The Sufficiency of the Government's Proffer

The bulk of Taylor's motion is backward-looking; it seeks to re-fight the battle of the previous hearings and argues that "[t]he Government's proffer was wholly insufficient." ECF No. 64, PageID.493–504. Taylor essentially reiterates the same arguments he raised in his initial detention hearing on October 17, 2025, ECF No. 67, and at the appeal of that detention order on October 21, 2025. ECF No. 62. These arguments do not present "new" information as required by 18 U.S.C. § 3142(f)(2)(B). Taylor "cannot … use 18 U.S.C. § 3142(f)(2)(b) as a vehicle for a second bite at the apple when there is no material information on the issue of his release that was not known at the time of his initial detention hearing." *See United States v. Irving*, No. 2:20-CR-00121-SLH-13, 2022 WL 170042, at *3 (W.D. Pa. Jan. 18, 2022). Rather, "[t]o reopen a

11

proceeding, [Taylor] must first establish that the information was not previously known to him. Courts interpret this requirement strictly, requiring a showing of truly changed circumstances or a significant event." *Bothra II*, 2020 WL 2611545, at *1 (citations omitted). "[I]nformation is not new if it could have been presented at the previous hearing." *United States v. Bothra ("Bothra I")*, No. 19-1953, 2019 WL 8883664, at *1 (6th Cir. Nov. 5, 2019).

Further, Taylor's arguments in his motion concerning the merits of his defense to the offenses charged are not relevant at this stage of the proceedings. The weight of the evidence against a defendant "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt" to the charged offenses. *See Stone*, 608 F.3d at 948; *United States v. Shaughnessy*, No. 3:20-CR-00060, 2020 WL 53900766, at *5 (W.D. Ky. Sept. 8, 2020) ("[T]he merits of [the defendant's] defense to prosecution are irrelevant at this stage. The Court's statutory obligation to consider the weight of evidence against a defendant in a detention hearing is focused on evidence of *dangerousness*, not guilt.") (emphasis in original).

Thus, Taylor's re-presentation of the same arguments he made previously do not justify reopening his detention hearing. Taylor failed to even attempt to cure this deficiency in his reply brief. *See* ECF No. 73.

12

**B. Text Messages**

Taylor next asserts that snippets of various text messages, dated between May 5, 2024 and August 21, 2025 "disprove the Government's allegations that [he] was ordering church members to be deprived of sleep, food, or medical care." ECF No. 64, PageID.504–08. However, as the Government correctly states, these text messages all existed at the time of the detention hearings in October 2025 and Taylor could have presented them, and they are therefore not "new." ECF No. 69, PageID.577–78. *See Bothra I*, 2019 WL 8883664, at *1. While Taylor argues in his reply brief that he did not previously have access to all of his text messages because he was in custody since August 2025, he does not otherwise contend that his own text messages are "new" evidence to him. The Government countered at the hearing that in fact Taylor's own text messages cannot be considered new evidence to him, and that he had over six weeks between his arrest and his initial detention hearing to discuss text exchanges and conversations with his defense counsel. In any event, as explained below, the text messages Taylor refers to are not material because they would not "increase the likelihood that [Taylor] … is less likely to pose a danger to the community." *See Watson*, 475 F. App'x at 600.

New evidence must be material in the sense that "the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is

less likely to pose a danger to the community." *Watson*, 475 F. App'x at 600. The Government's response shows that text messages close in time to the selected excerpts of text messages listed in Taylor's motion demonstrate that Taylor directed when and for how long workers were permitted to sleep, when they were permitted to take a day off, and when they were permitted to have "fun," and thus these text messages reinforce the evidence of Taylor's coercive control over his followers and the danger he poses to any other person and the community. ECF No. 69, PageID.579–85 (providing excerpts of additional text messages). In addition, following the hearing, the Government provided the entirety of an August 19, 2025 text message discussed on page 17 of the Government's response, which further contains threats, calling for "strict punishment" including putting members out alone to "sleep on the street tonight after 2 hours of trash pick up" because their fundraising "numbers" were low. ECF No. 80. These text messages therefore are not "new," not "material," and do not justify reopening the detention hearing.

### C. Claims Regarding R.F. and R.H.

Taylor next claims that two individuals, "R.F." and "R.H.", have been harassing Taylor and his church for years. He asserts that R.F. has "waged a bitter personal and public vendetta against Taylor and his church" since approximately 2015, and that R.F., assisted by R.H., "have been harassing the church for years," including by trying to get Taylor criminally prosecuted. ECF No. 64, PageID.508–10. Taylor admits that

14

he and the church have been aware of R.F. and R.H. "over the past 10 years," but that "the identity of the recently disclosed group of 8 victims was just made known and shared last week." *Id*. PageID.509.

As to whether this is new information, Taylor was clearly aware of his claims regarding R.F. and R.H. at the time of the October 2025 detention hearings. As to whether such claims are material, Taylor fails to show how these allegations regarding R.F. and R.H. raise any truly changed circumstances or how they relate to the factors governing detention. The Government did not rely on R.F. or R.H. for its evidence of Taylor's dangerousness or risk of flight, and neither R.F. nor R.H. are named victims in the Indictment. The allegations pertaining to R.F. or R.H. do not justify reopening detention.

### D. Photos and Videos

Taylor briefly claims that "[a]dditional photographs and videos disprove the Government's Proffer that church members were deprived of sleep, food, or medical care." ECF No. 64, PageID.510–11. The Court has reviewed the photographs and videos. ECF No. 65. These images are not dated, but their content does not appear to be new information not in existence at the time of the October 2025 detention hearings. The Government states that the photos and videos appear to be created by the church or posted to Taylor's and JMMI's public YouTube page or their website years ago. ECF No. 69, PageID.578–79 (citing https://www.youtube.com/@DavidETaylorMiraclesinAmerica/videos).

15

The videos and photos appear to show examples of the positive side of Taylor's ministry that he presented to the public. The proffered evidence discloses conduct occurring on the inside of his organization that was not made known to the public. The reality of the one does not negate the reality of the other. Taylor fails to argue how these photographs and videos show that circumstances have changed or that the factors weighing in favor of detention are different. These photographs and videos are not material to Taylor's dangerousness and do not counter or otherwise "disprove" the facts presented by the Government supporting detention.

### E. Victims' 302 Statements

In his reply brief, Taylor asserts for the first time that in recent discovery disclosures the Government provided the FBI 302 reports of victim statements for "V1 through V8" to his counsel on December 1, 2025. ECF No. 73, PageID.648. Taylor argues that these statements are new evidence and that excerpts from these statements show that the victims were not subjected to force or coercion, but that they were volunteers who agreed to the labor and that they eventually left the church voluntarily. *Id.* PageID.648–49, citing ECF No. 74. Taylor's counsel asserted at the hearing that the victim statements show that some of the victims had cars and some had part-time or full-time jobs. He further contends that the victim statements show that "some of the alleged 'victims' named in individual counts freely disassociated

themselves from the Church before July 23, 2020, more than five (5) years before this case was charged," and that under 18 U.S.C. § 3282(a), "[e]xcept as otherwise provided by law, no person shall be prosecuted, tried or punished for any offense, not capital, unless the indictment is found on the information is instituted within five years next after such offense shall have been committed." *Id.* PageID.650 & fn.3. Taylor does not identify who these victims are, or explain at all how the victims' statements do not support the Government's proffer, and instead asks the Court to hold a hearing "where it can properly weigh the newly discovered evidence considering the factors in 18 U.S.C. § 3142(g)." *Id.* PageID.651.

Because this argument was raised for the first time in Taylor's reply brief, the Government was unable to respond to Taylor's arguments concerning the victim statements until it did so at the hearing. The Government responded that defense counsel's arguments grossly mischaracterized the statements of the victims to the FBI, and that when the victim statements were reviewed in their full context, they presented evidence supporting Taylor's detention. In order to adequately consider Taylor's contention that the victim statements contained new evidence touching on the factors to be governing detention, the Court asked the parties whether the 302 reports could be disclosed to the Court for in camera review. Taylor assented to this process, and the Government, after consideration, did as well. After the hearing, the Government filed

the FBI 302 reports of victim statements for V1 through V8. ECF No. 82 (under seal).

The Court has reviewed those statements. In view of the presumption of innocence, and the need to avoid publicly disclosing details from the victim statements that appropriately should be subject to cross-examination at trial, the Court will not attempt to summarize the content of the 158 pages of reports of interviews containing the statements of eight separate victims.  The reports are lengthy and cover several years of experiences of the victims with the Church, Taylor, and co-defendant Brannon. Suffice to say that a review of those statements leaves the Court with an even greater  concern than before that releasing Taylor would represent a danger to the community and to witnesses. The victims' statements support, they do not undermine, the Government's contention that Taylor represents a danger.

Therefore, assuming that these victim statements are "new," at least to Taylor, the Court finds that Taylor has failed to demonstrate that they have a material bearing on whether there are conditions of release that will reasonably assure Taylor's appearance and the safety of any other person and the community. The selected excerpts relied upon by Taylor, when viewed in context, do not counterbalance the overwhelming weight of the evidence in those reports indicating that no conditions of release can be fashioned that would be sufficient to protect the community from danger. Taylor therefore has failed to meet his burden

under 18 U.S.C. § 3142(f)(2)(B) to reopen his detention hearing and his motion will be **DENIED**.

## F. Reconsideration Under Local Rule 7.1(h)

"Although the Federal Rules of Criminal Procedure do not authorize motions for reconsideration, the Supreme Court determined many years ago that defendants may file them." *United States v. Mack*, 831 F. App'x 787, 787 (6th Cir. 2020) (citing *United States v. Healy*, 376 U.S. 75, 78 (1964)). To the extent the Court considers Taylor's motion under E.D. Mich. LR 7.1(h), despite the specific procedures for appeal of a detention order or reopening of a detention hearing set forth in the Bail Reform Act, 18 U.S.C. §§ 3145, 3142(f), it will be denied.

Motions for reconsideration in criminal cases are generally treated like motions for reconsideration in civil cases, which are governed by Eastern District of Michigan Local Rule 7.1(h). *See, e.g., United States v. Boston*, No. 14-20383, 2021 WL 598547 at *1 (E.D. Mich. Feb. 16, 2021) (Edmunds, J.). That rule provides:

> **(1)  Final Orders and Judgments.**  Parties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). The court will not grant reconsideration of such an order or judgment under this rule.

> **(2)  Non-Final Orders**. Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:

(A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior occasion;

(B) An intervening change in controlling law warrants a different outcome; or

(C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h). "[M]otions for reconsideration are not an opportunity to re-argue a case, present new arguments, or otherwise relitigate issues that the court previously considered." *United States v. Dixon*, No. 21-cr-20566, 2024 WL 384999, at *5 (E.D. Mich. Jan. 31, 2024) (Levy, J.) (quoting *Bowles v. Macomb Cmty. Coll.*, No. 20-13175, 2022 WL 1469515, at *1 (E.D. Mich. May 10, 2022) (Cleland, J.)).

As stated *supra*, Taylor is primarily attempting to rehash prior arguments or make new ones he could have asserted before. He has failed to identify any mistake the Court made in its prior reasoned and thorough analysis under the Bail Reform Act based on the record and law before it at that time. Nor has he identified any intervening change in controlling law warranting a different outcome, or identified any new facts requiring a different outcome. The Court properly applied the § 3142(g) factors to the facts of this case in finding that "by clear and convincing evidence that there is no condition or combination of

conditions that will adequately protect the community from the defendant," and thus denying Taylor's motion to revoke the detention order. ECF No. 62, PageID.481.

Accordingly, Taylor's motion for reconsideration under LR 7.1(h)(2) will be **DENIED**.

## IV.   CONCLUSION

For the reasons stated above, Taylor's purported new information does not warrant the reopening of the detention hearing, and his Motion to Reconsider Order of Detention, ECF No. 64, is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 13, 2026      /s/Terrence G. Berg
                              HON. TERRENCE G. BERG
                              UNITED STATES DISTRICT JUDGE