UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

                                                    Case No. 25-20560
                    Plaintiff,                      Hon. Terrence G. Berg

v.

D-1  David Taylor,
D-2  Michelle Brannon, and
D-3  Kathleen Klein

                    Defendants.
   _____/

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO MODIFY PROTECTIVE ORDER**

The parties have resolved all live issues from their original motion [ECF 90],

except for one: the government's proposal that "[t]he defense team may not disclose

the fact that a particular person is an alleged victim." Opp. 19.[1] The government

offers no evidence of any misuse of discovery to justify this one-sided restriction.

Rather, the government recycles its pre-discovery arguments made in support of Mr.

Taylor's detention. Opp. 11-12. The government also points to Church criticism of

the government and of the Church's *public* critics (Opp. 9-11), both of which are

protected First Amendment speech and have nothing to do with discovery.

---

[1] Apart from the one-sided restriction issue (the subject of this brief), the parties'
sole disagreement concerned whether Mr. Taylor could retain hard copies of FBI-
302s of complainant/witness interviews where timely, meaningful electronic review
is impracticable. While the parties did not reach agreement, Defendants suggest that
this narrow issue is unripe and is not an impediment to entry of the protective order.

1

None of this adds up to good cause for a rule that creates obvious imbalance between the parties. Defense counsel need to be able to vet the allegations of alleged victims—many of whom are publicly proclaiming their victimhood on television and social media—and this restriction will needlessly impair the Defense's ability to do so.  The Court should not include it.

### 1.  The government must justify this restriction.

The government is correct that, generally, where a protective order has been entered, a party must establish good cause for its modification. Opp. 5-6 (citing cases). But here, the restriction at issue is before the Court for the first time. The Court has never been asked to ratify a rule that leaves the government free to disclose victim identities to witnesses but gags defense counsel, regardless of how they learn of an alleged victim's identity. It is therefore the government's burden to show good cause, based on specific facts. Fed. R. Crim. P. 16(d).

"Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *United States v. Stone*, No. 10-20123, 2012 WL 137746, at *6 (E.D. Mich. Jan. 18, 2012) (internal quotations omitted). And, "[t]he fact that the protective order in this case would burden only the defense calls for a higher threshold standard of proof." *United States v. Carmichael*, 326 F. Supp. 2d 1267, 1294 (M.D. Ala.), supplemented, 326 F. Supp. 2d 1303 (M.D. Ala. 2004). As shown below, the government has not met its burden.

**2. The government does not justify its proposed restriction.**

The government's list of safety concerns does not justify prohibiting defense counsel from discussing alleged victims with witnesses.

**First**, the Church and Defendants have every right under the First Amendment "to discredit the government's case," and the fact they have done so, and may do so in the future, is of no legal significance. Opp. 9; *cf. United States v. Trump*, 88 F.4th 990, 1028 (D.C. Cir. 2023) ("Mr. Trump is free to make statements criticizing the current administration, the Department of Justice, and the Special Counsel, as well as statements that this prosecution is politically motivated or that he is innocent of the charges against him.").

**Second**, the Church and Defendants also have every right to respond to *public* attacks by people claiming to be victims.

In its first example, the government calls out Church members for purportedly disclosing "the image and name of a witness" in a YouTube video.  Opp. 9. That is deeply misleading. We invite the Court to take a closer look at Exhibit 2, in which the government has placed a black redaction box over an image supposedly "naming a witness." Opp. Ex. 2. What that box conceals is an image from *a public news report* of the witness' *on-camera* interview attacking the Church and Defendants.[2] Indeed,

---

[2] Jennifer Titus, Libby Hendren, *Exclusive: David Taylor's ex-girlfriend reveals red flags after FBI raids Kingdom of God Global Church*, https://www.wtsp.com/article/news/investigations/10-investigates/kingdom-of-god-global-church-raid-arrests-david-taylor-vicki-yohe-singer/67-8b4a35d5-5eb9-4570-90e3-6828f7321845

this witness has publicly attacked the Church and Defendants all over social media, in her own name.[3] Information gained independently, outside of discovery, cannot be subject to a protective order. *Childers v. GM LLC*, No. 16-14428, 2018 LX 55457, at \*10 (E.D. Mich. Apr. 16, 2018) ("The Supreme Court has observed that 'a protective order prevents a party from disseminating *only that information obtained through the use of the discovery process*. Thus, the party may disseminate the identical information covered by [a] protective order as long as the information is *gained through means independent of the court's processes*.'") (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984)) (emphases added in *Childers*). And the Church has every right to publicly defend itself against these public attacks. Calling this "naming a witness" borders on

---

[3] *See, e.g.*,
https://www.facebook.com/share/p/1B59ipvrbm/?mibextid=wwXIfr
https://www.facebook.com/share/p/1B6B6KDHX6/
https://www.facebook.com/share/p/1CAcmNwTBG/?mibextid=wwXIfr
https://www.facebook.com/share/1H2MbpCVPw/?mibextid=wwXIfr
https://www.facebook.com/share/p/15n3yhMb6YG/
https://www.facebook.com/share/p/1S3S2Turh2/?mibextid=wwXIfr
https://www.facebook.com/share/p/18Q2fVptcm/?mibextid=wwXIfr
https://www.facebook.com/share/p/1865bho7Zb/?mibextid=wwXIfr
https://www.facebook.com/share/p/1ZKBfTL8Sd/?mibextid=wwXIfr
https://www.facebook.com/share/p/18doryyYes/?mibextid=wwXIfr
https://www.facebook.com/share/p/18EcVk9yRY/?mibextid=wwXIfr
https://www.facebook.com/share/p/1GjWHuFfbn/?mibextid=wwXIfr
https://www.facebook.com/share/p/1DNZ6izPFa/?mibextid=wwXIfr
https://www.facebook.com/share/p/1Aoqd6uG7m/?mibextid=wwXIfr
https://www.facebook.com/share/p/1ByBDt1GLZ/?mibextid=wwXIfr
https://www.facebook.com/share/p/1B59ipvrbm/?mibextid=wwXIfr
https://www.facebook.com/share/p/1CbLmKfbfa/

frivolous.

So, too, is the government's second claim in Exhibit 2, that the Church was "disparaging other witnesses both generally and by name, starting at 44:30." This is a surprising argument because the only individual (singular) discussed at the cited portion of the video is R.F., and the government previously represented to the Court that "the government's evidence in support of the forced labor charges is not dependent on *or even related to R.F.* or R.H." (ECF 69 at 19 (emphasis added).) If "the government's evidence in support of the forced labor charge is not dependent on or even related to R.F.," then it is unclear how R.F. could be a "witness." In any case, once again, the Church is simply responding to a long-time public critic, as it is entitled to do. *See* ECF 64 at 17.

**Third**, as to the government's "witness tampering" claim, Exhibit 5 is self-defeating. It depicts a request to a church member (not known to be an alleged victim) to provide a supportive statement "only if you agree!" This is not "witness tampering," which, of course, has a legal definition that is not met where a witness is encouraged to tell the truth—even if the truth differs from what the government alleges. *See Beard v. Schneider*, No. 14-13465, 2018 WL 2296472 at *20 (E.D. Mich. May 21, 2018).

**Fourth**, Defendant Klein's private text message *responding to* a joke about a person's demise, sent months ago[4] with no reference or call to action by anyone,

---

[4] Exhibit 6 shows the text messages were sent before November 14, 2025.

may be distasteful, but is far from a threat. *Compare United States v. Olson*, 629 F. Supp. 889, 892 (W.D. Mich. 1986) (a true threat is "a serious expression of intention to inflict bodily harm").

**Fifth**, the warnings of spiritual consequences made to adults are protected under the Free Exercise and Freedom of Speech clauses and are without legal consequence. *Compare Headley v. Church of Scientology Int'l*, 687 F.3d 1173, 1180 (9th Cir. 2012) (spiritual threats not actionable under the Trafficking Victims Protection Act), *with United States v. Majeed*, No. 21-20060-JAR, 2024 WL 992884, at *10 (D. Kan. Mar. 6, 2024) (distinguishing *Headley*, in pertinent part, because "the plaintiffs [there] were adults, whereas here … minor victims were threatened...").

**Sixth**, the government also lobs in references to "war" and "warriors" in Church rhetoric. Opp. 12. This resort to acontexutal soundbites underscores the rush to judgment that has occurred in this case. Once again, we invite the Court to examine the government's exhibit cited in support of this misinformed allegation, except to rewind the recording slightly. During the "Sunday Service" at Exhibit 7, starting at timestamp 1:07:28 (or, really, at any point), the entire discussion is about *financial support for the Church* during an existential time.[5] It is no more a call to physical violence than the Church's annual "Crusade Against Cancer" is an actual

---

[5] https://www.youtube.com/watch?v=3h7kCdOGxHM

6

military campaign.[6]

**Lastly**, the government's salacious references to sexually explicit materials are irrelevant to whether defense counsel can discuss alleged victims by name. Other provisions of the protective order prohibit the sharing of these materials—even with the defendants—and defense counsel would never share them regardless.

## CONCLUSION

Defense counsel need to fully vet complainants' accounts by talking to witnesses. Depriving Defendants of that ability deprives them of due process. The government has not provided a basis for such a handicap, and the Court should not include it in the updated protective order.

Respectfully submitted,

| | |
|---|---|
| */s/ N. Scott Rosenblum* | */s/ John P. Rogers* |
| N. Scott Rosenblum (#33390MO) | John P. Rogers (#38743MO) |
| Attorney for Def. David Taylor | Attorney for Def. Michelle Brannon |
| | |
| */s/ Laurence H. Margolis* | */s/ David Mueller* |
| Laurence H. Margolis (P69635) | David Mueller (#65064MO) |
| Attorney for Def. David Taylor | Attorney for Def. Michelle Brannon |
| | |
| */s/ Todd Perkins* | |
| Todd R. Perkins (P55623) | |
| Attorney for Def. David Taylor | |
| | |
| */s/ Allison L. Kriger* | |
| Allison L. Kriger (P76364) | |
| Attorney for Def. David Taylor | |

---

[6] The Global Miracle Crusade Against Cancer with David E. Taylor | Day 2 | Evening, https://www.youtube.com/watch?v=3AmBWMf7AGw, at 24:38, ("Do we have any warriors in this place tonight?").