**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

UNITED STATES OF AMERICA,

               Plaintiff,                           Case No. 2:25-cr-20560

v.                                        Hon. Terrence G. Berg

D-1 DAVID TAYLOR,

               Defendant.

_____/

**RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE**
**EXHIBITS USING THE MEDIA FILE UPLOAD**

Typically, Defendants would readily consent to a motion involving a ministerial matter such as the types of files that can be attached to a brief. [Dkt. 136]. But the government's motion, filed late last night revealed a wholesale violation of the clergy-communicant privilege, to which we must object in the strongest terms. The government's filing seeks leave to upload audio recordings of KOGGC *prayer calls*, in which members of the public called into KOGGC prayer lines for spiritual counseling on their most personal issues (and, yes, also sometimes donated money). These prayer calls are protected by clergy-communicant privilege, which the government has apparently violated.

While the Sixth Circuit has "neither recognized nor rejected the clergy-

communicant privilege,"[1] other federal courts including the Supreme Court (and, seemingly, earlier decisions of the Sixth Circuit) have done so. *See, e.g.*, *United States v. Nixon*, 418 U.S. 683, 709 (1974) ("[G]enerally, an attorney *or a priest* may not be required to disclose what has been revealed in professional confidence.") (emphasis added); *Trammel v. United States*, 445 US 40, 51 (1980) ("The privileges between *priest and penitent*, attorney and client, and physician and patient limit protection to private communications. These privileges are rooted in the imperative need for confidence and trust. The priest-penitent privilege recognizes the human need to disclose to a spiritual counselor, in total and absolute confidence, what are believed to be flawed acts or thoughts and to receive priestly consolation and guidance in return.") (emphasis added); *Varner v. Stovall*, 500 F.3d 491, 496 (6th Cir. 2007) (clergy-penitent privilege protects "the human need to disclose to a spiritual counselor, in total and absolute confidence, what are believed to be flawed acts or thoughts and to receive priestly consolation and guidance in return") (citing *Trammel*); *Mockaitis v. Harcleroad*, 104 F.3d 1522, 1532 (9th Cir. 1997) (noting the widespread adoption of the clergy-communicant privilege and observing, "It would be strange if a privilege so generally recognized could be readily subverted by the governmental recording of the privileged communication and the introduction of the recording into evidence."); *In re Grand Jury Investigation*, 918 F.2d 374, 377 (3rd

---

[1] *United States v. Schwartz*, 698 F. App'x 799, 801 (6th Cir. 2017).

Cir. 1990) ("[W]e hold that a clergy-communicant privilege does exist.").

Indeed, as a court of this Circuit observed, in itself recognizing the privilege, "[t]he clergy-communicant privilege was included in the Advisory Committee's proposed privilege rules. See Proposed Fed. R. Evid. 506, 56 F.R.D. 183, 247." *Sampson v. Sisters of Mercy of Williard, Ohio*, No. 3:12cv824, 2016 U.S. Dist. LEXIS 10828, at *7 (N.D. Ohio Jan. 29, 2016); *see also id.* at *8 ("I conclude it is appropriate to recognize the clergy-communicant privilege under Rule 501 and the cases set forth above."). The U.S. Attorney's Office for the Eastern District of Michigan also previously saw fit, in another case, to propose to filter emails subject to the privilege (albeit while recognizing the Sixth Circuit had not yet reached the issue). *In re Search of Records*, 438 F. Supp. 3d 771, 773 (E.D. Mich. 2020).

The current Justice Department has also recognized and sued to protect the privilege. Harmeet Dhillon, Assistant Attorney General, Justice Department Sues Washington State Over its new anti-Catholic law, Senate Bill 5375, available at https://www.justice.gov/opa/pr/justice-department-sues-washington-state-over-its-new-anti-catholic-law-senate-bill-5375 ("Senate Bill 5375 unconstitutionally forces Catholic priests in Washington to choose between their obligations to the Catholic Church and their penitents or face criminal consequences, while treating the priest-penitent privilege differently than other well-settled privileges. The Justice Department will not sit idly by when States mount attacks on the free exercise of

3

religion."").  Agencies of this Administration have additionally cited the privilege to courts of this Circuit.  *See, e.g.*, EEOC's Mem. Sup. Mot. Protective Order Forbidding Particular Nonparty Discovery, *EEOC v. Wabash Nat'l Corp.*, No. 5:24-cv-00148-BJB-LLK, ECF No. 35-5 at 10 (W.D. Ky. Jan. 26, 2026) ("Finally, additional privileges may be implicated, such as the psychotherapist-patient privilege or the clergy-communicant privilege.").

Nevertheless, it appears that the government has barreled through the privilege in this case.  It has apparently reviewed some unknown number of recorded prayer calls (and, potentially, other confidential clergy-communicant materials as well), seemingly without regard for the possibility that the privilege might apply.  This is not for lack of notice.  As early as April *2019*, the government evidently obtained prayer call instructions for Joshua Media Ministries International (the predecessor organization to KOGGC).  Exhibit A, FD-302 Interview of C.S on April 8, 2019.  And, while they certainly discuss fundraising goals, they also direct employees: "Minister to the Caller and Pray for them."  Similarly, government witness interviews made clear that, true to its name, "spiritual guidance" took place on the prayer lines.  Exhibit B, FBI 302 Interview of S.F. on September 12, 2025 ("The remainder of the day was spent making phone calls, often until 10:00 p.m., which included praying for individuals and providing spiritual guidance."); Exhibit C, FBI 302 interview of B.H. on August 28, 2025 ("[WITNESS] felt the most

4

troubled individuals would call during the overnight hours."). And records of the prayer calls themselves make clear they covered all manner of spiritual and personal crises. Exhibit D, List of Prayer Calls (Sealed).

Thus, while we again have no objection to the uploading of multi-media files to a government brief, we do object to the wholesale disregard for clergy-penitent privilege.

Respectfully submitted,

/s/ Todd Perkins
Todd R. Perkins (P55623)
Attorney for Def. David Taylor

/s/ Allison L. Kriger
Allison L. Kriger (P76364)
Attorney for Def. David Taylor

/s/ Laurence H. Margolis
Laurence H. Margolis (P69635)
Attorney for Def. David Taylor

DATED: May 12, 2026