# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA

      Plaintiff,

      v.

DAVID TAYLOR,

      Defendant.

        /

Criminal No. 25-20560

Hon. Susan K. DeClercq

## DEFENDANT DAVID TAYLOR'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT

Defendant David Taylor, by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v) to dismiss the superseding indictment in its entirety. The grounds for this motion are set forth below and are developed fully in the accompanying Brief in Support of Motion to Dismiss.

1.     The First Amendment bars this prosecution. The government's forced labor theory rests on the premise that Pastor Taylor's religious teachings about divine consequences for disobedience are false. Adjudicating that premise requires a court to determine the truth of theological claims, which the First Amendment forbids. *United States v. Ballard*, 322 U.S. 78, 86–87 (1944). The government may not treat a pastor's sincere religious teaching about spiritual consequences as the mechanism of criminal coercion.

1

2. The superseding indictment independently fails to state an offense under 18 U.S.C. § 1589. The alleged conduct—restricted diets during a voluntary boot camp, extended work hours, communal sleeping arrangements, and teachings about divine judgment—does not constitute "serious harm" sufficient to compel a reasonable person to remain in servitude. And the indictment does not allege that any person's labor was obtained "by means of" prohibited conduct: it contains no allegation that anyone sought to leave and was prevented from doing so. Separately, § 1589 does not reach relationships, including religious community authority, in which labor was an inherent and recognized feature at the time of the Thirteenth Amendment's ratification.

3. In the alternative, the Religious Freedom Restoration Act requires dismissal. This prosecution substantially burdens Pastor Taylor's sincere religious exercise: his apostolic leadership, communal discipleship, and administration of spiritual correction over a voluntary faith community. The government cannot demonstrate a compelling interest in prosecuting these specific practices applied to these specific congregants, and criminal prosecution is not the least restrictive means of addressing any cognizable harm. 42 U.S.C. § 2000bb-1(b).

The First Amendment and statutory grounds are resolved on the face of the indictment and require no evidentiary hearing. If necessary, Pastor Taylor requests in the alternative an evidentiary hearing to develop the RFRA record.

WHEREFORE, Defendant David Taylor respectfully requests that this Court dismiss the superseding indictment in its entirety.

Respectfully submitted,

/s/ Zachary C. Lawson
Zachary C. Lawson (TN BPR #36092)
Brent A. Hannafan (TN BPR #025209)
J. Alex Little (TN BPR #029858)
Litson PLLC
54 Music Square East, Suite 300
Nashville, TN 37203
Telephone: 615-985-8205
E-mail: zack@litson.co
*Attorneys for David Taylor*

CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of June, 2026, a true and correct copy of the foregoing has been served via the Court's CM/ECF system upon all counsel of record.

/s/ Zachary C. Lawson

3