UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                Case No. 2:25-cr-20560

v.                                     Honorable Susan K. DeClercq
                                     United States District Judge

DAVID TAYLOR,

                Defendant.

_____/

**ORDER DENYING MOTION TO SEAL (ECF No. 181)**

Federal district courts have an independent obligation to set forth specific findings and conclusions to justify nondisclosure to the public. On June 30, 2026, Defendant David Taylor filed a motion to file certain exhibits to his motion to dismiss under seal. ECF No. 181. For the reasons explained below, however, the motion will be denied.

As a threshold matter, a motion to seal items not authorized by statute or rule is governed by Local Rule 5.3(b), which applies both to civil and criminal matters. *See* E.D. Mich. LCrR 1.1; E.D. Mich. LR 1.1(c). Under Local Rule 5.3(b), the motion must include six components: (1) an index of the proposed sealed documents and whether any parties object; (2), "a description of any non-party or third-party privacy interests that may be affected if the documents or portions thereof to be sealed were publicly disclosed on the court record"; (3) a notice to any proposed

sealed documents that are confidential, including who's protective order designated the documents as confidential; (4) "a detailed analysis [for each proposed sealed document], with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority"; (5) a redacted version of the proposed sealed document clearly labeled as such and filed as an exhibit to the motion to seal, or a blank sheet as a stand-in for a proposed document the movant seeks to have sealed entirely; and (6) a clearly labeled, "unredacted version, filed as a sealed exhibit, of the document sought to be filed under seal." E.D. Mich. LR 5.3(b)(3)(A)(ii), (iv). Taylor's motion offers very little information, seeking to seal certain exhibits solely because the Government may characterize certain individuals as "victims." The Court finds this insufficient, and the motion will be denied without prejudice.

Adherence to Local Rule 5.3(b) is not merely a technicality. The Sixth Circuit has long recognized a "strong presumption in favor of openness" regarding court records. *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 591 (6th Cir. 2016). Indeed, "the public is entitled to assess for itself the merits of judicial decisions." *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016). And the public's interest extends not merely to the outcome of litigation "but also on the conduct giving rise to the case," and "in both circumstances, the public is entitled to assess for itself the merits of judicial decisions." *Id.* at 594 (quoting

- 2 -

*Shane*, 825 F.3d at 305). Sealing, therefore, requires a compelling reason, a narrowly tailored request, and an analysis conducted "document by document" with "reasons and legal citations." *Id.* (internal quotation marks and citations omitted).

Here, because Taylor has not provided any independent analysis or authority supporting his request to seal, this Court cannot make the requisite factual findings and legal conclusions regarding the appropriateness of the requested seal. *See Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 11 (6th Cir. 1983) (requiring district courts to provide specific findings and conclusions to justify granting a motion to seal).

Accordingly, Taylor's motion to seal, ECF No. 181, is **DENIED WITHOUT PREJUDICE**.

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: August 11, 2026

- 3 -