**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>D-1 DAVID TAYLOR,<br><br>Defendants. | Case No. 2:25-cr-20560<br>Hon. Susan K. DeClercq |

## MOTION TO IDENTIFY THE INDIVIDUAL WHO FALSELY REPORTED THAT PASTOR TAYLOR HAD A CELL PHONE

Defendant David Taylor respectfully requests that the Court provide communication in which an individual reported to the Court that he was in possession of a cell phone, including the reporter's identity. As set forth in the accompanying memorandum of law, this person's identity is relevant because their having made what turned out to be a false claim about Pastor Taylor bears on their credibility to the extent this person is to be a witness in this case.

Undersigned counsel sought concurrence in the relief requested from counsel for the government and were informed that the government takes no position on this motion.

Respectfully submitted,

**Allison L. Kriger**
LaRene & Kriger, P.L.C.
500 Griswold St.
Suite 2400
Detroit, MI 48226
313-967-0100
allison.kriger@gmail.com

**Laurence H. Margolis**
Margolis Law Firm
214 South Main Street, Suite 202
Ann Arbor, MI 48104
734-994-9590
larry@lawinannarbor.com

**Todd Russell Perkins**
615 Griswold
Suite 400
Detroit, MI 48226
313-964-1702
tperkins@perkinslawgroup.net

**Andrew T. George**
Bourelly, George, and Brodey PLLC
1050 30th St. NW
Washington, DC 20007
202-753-5012
andrew.george@bgblawyers.com

**J. Alex Little**
**Brent Adams Hannafan**
**Zachary C. Lawson**
Litson PLLC
54 Music Square East, Suite 300
Nashville, TN 37203
615-985-8205
alex@litson.co
brent@litson.co
zack@litson.co

DATED: August 12, 2026

*Counsel for Defendant Taylor*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>D-1 DAVID TAYLOR,<br><br>Defendants. | Case No. 2:25-cr-20560<br>Hon. Susan K. DeClercq |

**MEMORANDUM IN SUPPORT OF MOTION TO IDENTIFY THE INDIVIDUAL WHO FALSELY REPORTED THAT PASTOR TAYLOR HAD A CELL PHONE**

On June 23, 2026, the Court disclosed during a status conference that it had received a report that Pastor Taylor was in possession of a cell phone. The next day, guards conducted a thorough surprise search of Pastor Taylor's cell and found no cell phone. The cell phone report therefore appears to have been false. This raises the question: who made the false report? If the reporter turns out to be a witness for the government, his or her false report would bear on their credibility, their potential bias, and on the reliability of the government's investigation and reliance on that witness. We therefore respectfully request that the Court provide the underlying communication it received, including the reporter's name.

A criminal defendant has a due process right to evidence of a false report by a government witness. *See Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972). Evidence of a false report bears on a witness's

credibility, especially their potential bias, and would potentially be admissible under Federal Rules of Evidence 607 and 608(b). Furthermore, the government's reliance on a witness after learning he has made a false report bears on the unreliability of the government's investigation. *Cf. United States v. Bagcho*, 151 F. Supp. 3d 60, 71 (D.D.C. 2015) (evidence that a government agency had determined a cooperating witness to be a "liar" and "yet still [the prosecution] elected to use him as a witness would serve to undermine the reliability of the government's investigation and sources" and should have been admitted).

Canon 3(A)(4) of the Code of Conduct for United States Judges further requires that, "If a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested." Here, consistent with Canon 3(A)(4), the Court promptly notified the parties of the subject matter of the cell phone report as it was understood at the time of the June 23 status conference. But now, knowing the report appears to have been false, the reporter's identity is relevant and a part of the subject matter of the report.

To be sure, *Brady/Giglio* issues typically involve information possessed by the executive branch, not the judicial branch. But the distinction should not matter, at least not here, because the fact of this potential witness's false report is known to all and his or her identity can be easily provided. The Sixth Circuit has additionally

suggested that known exculpatory evidence in the possession of a court would be subject to *Brady*. *United States v. Guardino*, 972 F.2d 682, 689 (6th Cir. 1992) ("Although *Brady v. Maryland* obligates the government to turn over evidence in its possession favorable to the accused and material to guilt, in this case, the Bureau of Prisons—*not the court* or the U.S. Attorney—apparently possesses Officer Kelly's memo.") (emphasis added, citation omitted). Certainly, where the evidence is known to exist, there is no reason to withhold it.

Here, it appears that an individual took it upon himself or herself to call this Court and make a false report about Pastor Taylor. If the government calls that person to serve as a trial witness, their false report will bear on their credibility and potential bias against Pastor Taylor, as well as the reliability of the government's investigation. We therefore respectfully request the communication be provided and the reporter be identified.

Respectfully submitted,

**Allison L. Kriger**
LaRene & Kriger, P.L.C.
500 Griswold St.
Suite 2400
Detroit, MI 48226
313-967-0100
allison.kriger@gmail.com

**Laurence H. Margolis**
Margolis Law Firm
214 South Main Street, Suite 202
Ann Arbor, MI 48104
734-994-9590
larry@lawinannarbor.com

**Todd Russell Perkins**
615 Griswold
Suite 400
Detroit, MI 48226
313-964-1702
tperkins@perkinslawgroup.net

**Andrew T. George**
Bourelly, George, and Brodey PLLC
1050 30th St. NW
Washington, DC 20007
202-753-5012
andrew.george@bgblawyers.com

**J. Alex Little**
**Brent Adams Hannafan**
**Zachary C. Lawson**
Litson PLLC
54 Music Square East, Suite 300
Nashville, TN 37203
615-985-8205
alex@litson.co
brent@litson.co
zack@litson.co

DATED: August 12, 2026

*Counsel for Defendant Taylor*