UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAVID TAYLOR,

Defendant.
_______________________________/

Case No. 2:25-cr-20560

Honorable Susan K. DeClercq
United States District Judge

**ORDER DENYING MOTIONS FOR BOND REDETERMINATION (ECF Nos. 206, 207); DENYING RELATED MOTION TO SEAL EXHIBITS (ECF No. 199); AND DENYING MOTION TO HOLD THE MOTION FOR BOND REDETERMINATION IN ABEYANCE (ECF No. 210)**

On October 17, 2025, Magistrate Judge Altman ordered Defendant David Taylor be detained pending trial. ECF No. 56. Taylor moved to revoke that detention order, ECF No. 53, which the Court denied, ECF No. 58. Then, Taylor moved for reconsideration of that denial, ECF No. 64, which the Court again denied, ECF No. 108. Finally, Taylor appealed to the Sixth Circuit Court of Appeals. *See* ECF No. 114; *United States v. Taylor*, No. 26-1222 (6th Cir. 2026). The Sixth Circuit has not yet ruled on Taylor's appeal. Despite the pending appeal, Taylor now moves this Court to reopen his detention hearing and/or hold a bond redetermination hearing, ultimately seeking pretrial release. ECF Nos. 206, 207.

As the Government points out, the "[f]iling of a notice of appeal transfers adjudicatory authority from the district court to the court of appeals." *Manrique v. United States*, 581 U.S. 116, 120 (2017). In other words, the filing "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam). Here, Taylor has appealed the issue of his pretrial detention; in turn, this Court lacks jurisdiction to reconsider the issue. *See, e.g.*, *United States v. Brown*, No. 92-81127, 2025 WL 3698400 (E.D. Mich. Dec. 19, 2025) (dismissing motion to return defendant to custody while release order was on appeal because "[i]t is generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously," quoting *Griggs*, 459 U.S. at 58).

Taylor argues that this Court retains jurisdiction because he raises different arguments on appeal and in the renewed motion. *See generally* ECF No. 212. However, the core question of both Taylor's appeal and the motions presently before the Court is the same: whether Taylor should remain in custody pending trial. There is a chance of conflicting rulings, which means Court's consideration of Taylor's motion "threaten[s] the orderly disposition of the interlocutory appeal." *Brown*, 2025 WL 3698400, at 1 (quoting 16A Fed. Prac. & Proc. Juris. § 3949.1 (4th ed. 2016)).

The motions for bond redetermination will therefore be dismissed for lack of jurisdiction.

Accordingly, Taylor's motion to reopen the detention hearing or for bond redetermination hearing and for expedited hearing, ECF Nos. 206 and 207, are **DENIED WITHOUT PREJUDICE** for lack of jurisdiction.

Further, it is **ORDERED** that Taylor's motion to seal exhibits to the above motion, ECF No. 199, is also **DENIED WITHOUT PREJUDICE**.

Finally, it is **ORDERED** that the Government's motion to hold detention-related briefing in abeyance pending the outcome of Taylor's expedited bond appeal, ECF No. 210, is also **DENIED** as moot.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: August 13, 2026