UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 25-20560
HON. SUSAN K. DeCLERCQ

D-1 DAVID TAYLOR,
D-2 MICHELLE BRANNON, and
D-3 KATHLEEN KLEIN,

Defendants.

**UNITED STATES' RESPONSE TO DEFENDANTS' MOTION TO CONTINUE PRE-TRIAL MOTIONS DEADLINE (ECF No. 223)**

The government respectfully submits this response to defendants' Motion to Continue Pre-trial Motions Deadline (ECF No. 223). As set forth in that motion, the government agrees in the relief requested and concurs with an adjournment of the trial date in this case to February 2027 or later. The government submits this response, however, to clarify the status of discovery in this case and the productions the government has made so far.

As the Court is aware, the defendants are charged in a second superseding indictment with conspiracy to commit forced labor, forced labor, and conspiracy to commit money laundering. Following D-1

Taylor and D-2 Brannon's arrest in August of 2025 and D-3 Klein's arrest in early 2026, the government has produced or made available, consistent with its Rule 16 obligations, over 45 terabytes of data including over 400,000 pages of documents; hundreds of hours of audio recordings and surveillance footage; footage from over 700 body-worn cameras; and over 70 electronic devices, including cellphones, computers, tablets, and media storage devices. Further details of this discovery process are necessary, however, so the Court is fully apprised of the context of the government's continued discovery production.

Some items are more easily produced than others. For example, electronic documents (financial records, search warrants, law enforcement and FBI reports, and approximately 15,000 search warrant photographs) were collected, processed, redacted, and produced to the defense beginning in October 2025. Indeed, the first production in this case in October 2025 consisted of over 80,000 pages.

Moreover, hundreds of thousands of paper documents (e.g. notes, notebooks, and documents kept by KOGGC at its numerous call centers and other locations) were collected during the search warrants. Early on, the government made the paper documents available for review by

the defense. In an effort to ease the defense review of these documents, the government solicited input from the defense regarding which items it wanted copied and produced, digitized the large volume of documents the defense requested, and produced thousands of pages of this category of discovery based on the specific defense requests. The government has endeavored to produce this type of voluminous and time intensive discovery—which has long been available to the defense to review—on a rolling basis as paper documents are scanned. As of August 2026, the government has produced over 262,000 pages of digitized paper discovery.

Electronic evidence, including evidence extracted from cellphones, computers, tablets, and digital recorders, requires additional steps before it can be produced. First, agents must collect raw data from an electronic device. Depending on the device, this process can take days, months, or even years. If a passcode is not provided—a common occurrence in this case—law enforcement must use software to try to extract data from the device. Sometimes, such data can be extracted, but sometimes it cannot; the FBI continues to try to extract the data on a rolling basis as the extraction software develops and updates to

accommodate changing technology. Even after data is extracted from a device, it must be made readable though additional software, such as Cellebrite, which adds delay to the ultimate discovery production in any case.

Discovery production is further complicated and time consuming in this case due to the necessity for filter reviews of many of the recovered electronic devices. Specifically, many of the electronic devices (such as cellphones) were reviewed for attorney-client communications that the trial team could not review. Filter teams at both the Department of Justice and the FBI were necessary to review the forensic extractions from some of the recovered devices to extract privileged communications before the items could be reviewed by the prosecution team.

In addition, after the filter reviews, but before a copy of digital evidence can be produced to the defense, each electronic device needs to be evaluated for the possibility that it contains child pornography. The presence of child pornography is not a hypothetical concern in this case. Taylor texted at least one individual demanding it. In 2024, Taylor directed a teenage, female member of KOGGC to send him nude images

she may have sent to another person. Taylor told her to "[s]end me the sexy pictures of you in there." The teenager answered, "you sure lol? They were before I was of age." Taylor responded, "Oh no !! I forgot the age !! But still I want to see them so I can know what they saw." The teenager then sent suggestive but non-nude images to Taylor.

About an hour later, Taylor responded, "[w]here are the other pics of years ago this don't seem like all of them." . . . "Send me everything from the past not just what you think he saw." . . . "Are these the only old ones you have when you was younger? Or are there more? Send me everything my love." The teenager responded, "[y]es, I have a few more old ones and some videos. They aren't pictures. They are just me being bad when I was in Highschool LOL." Taylor replied, "send them to me." The teenager then sent, and Taylor kept on his phone, partially nude images, presumably from "before [she] was of age."

Because Taylor kept partially nude images of a teenager who may have been underage on at least one of his devices, and sensitive sexually explicit images and videos on many of his devices, rather than simply producing all the devices, the government made them available for review at the U.S. Attorney's Office beginning in early 2026.

Notably, despite the claim by Taylor's defense at a recent fundraising event for KOGGC that it had "looked at every single shred of evidence," (David E. Taylor: Miracles in America, "David E. Taylor's Lawyers Respond to Second Superseding Indictment...The Government Has No Case," YouTube (August 12, 2026), 0:23, https://www.youtube.com/watch?v=ay3Gl_S8bbI), of the large amount of electronic evidence that has been made available to the defense, only a small amount has actually been reviewed.

As devices are cleared through filter reviews and determined to be free of child pornography, they have been produced to the defense. This process continues, but it takes time given the voluminous number of sexually explicit photos and images on Taylor's multiple phones including phones he kept in a locked safe at his home.

To date, the government has made available or produced over 70 digital items to the defense. The government has also returned hundreds of devices to the defense or to the individuals from whom they were seized without reviewing the devices. Of the hundreds of digital items collected, about a dozen remain to be produced. Access was gained to some of those devices within the last month and others remain with

filter teams. The government plans to complete Rule 16 discovery of the evidence in its possession by early September 2026.

As indicated in the defense filing and this response, the government concurs in the relief requested and in the adjournment of the trial date in this case. The government will continue to adhere to Rule 16 while balancing the particular concerns of this case and anticipates the discovery process will be complete in early September.

Respectfully submitted,
JEROME F. GORGON JR.
United States Attorney

s/*Sarah Resnick Cohen*
SARAH RESNICK COHEN

*s/ Craig Wininger*
CRAIG WININGER
Assistant United States Attorneys
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9569
E-mail: craig.wininger@usdoj.gov
P57058

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*s/Craig Wininger*
CRAIG WININGER
Assistant U.S. Attorney