UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAVID TAYLOR, et al.,

Defendants.
_____________________________________/

Case No. 2:25-cr-20560

Honorable Susan K. DeClercq
United States District Judge

**ORDER DENYING DEFENDANTS' MOTION TO IDENTIFY THE INDIVIDUAL WHO FALSELY REPORTED THAT PASTOR TAYLOR HAD A CELL PHONE (ECF No. 213)**

On June 18, 2026, an individual e-mailed this Court, reporting that allegedly, Defendant David Taylor possessed a cell phone while incarcerated awaiting trial. At a status conference on June 23, 2026, *see generally* ECF No. 162, this Court informed the Parties of this report. Taylor now moves this Court to disclose the identity of the individual who made the report, arguing that the report is false and that the individual's identity is relevant to their credibility should he or she testify at the upcoming trial. *See* ECF No. 213.

This Court agrees that the allegedly false report bears on the individual's credibility, should he or she testify. The issue is therefore likely to be relevant at trial, if this person testifies. *See, e.g.*, *United States v. Vandetti*, 623 F.2d 1144, 1150 ("the credibility of a witness is always relevant" under FED. R. EVID. 608).

However, it is unclear whether this individual will be called to testify at trial, making Taylor's request premature at this time. *See, e.g.*, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) ("recommending that courts deal "with questions of admissibility of evidence as they arise" at trial). Further, the issue of whether Taylor possessed a cell phone while incarcerated is not *itself* relevant to the issues to be tried. Whether Taylor possessed a cell phone while incarcerated awaiting trial says nothing about whether he committed the conduct charged in the Indictment. *See* FED. R. EVID. 401 (evidence is only relevant if it "is of consequence in determining the action."). Therefore, this individual may not be called solely to testify about the cell phone issue. *See* FED. R. EVID. 402 ("Irrelevant evidence is not admissible."). Taylor's motion will therefore be denied.

That said, this Court will review the Parties' witness lists when they are filed. If the individual that contacted this Court appears on a witness list, this Court will disclose the identity of the individual to the Parties.

Accordingly, it is **ORDERED** that Taylor's Motion to Identify the Individual Who Falsely Reported that Pastor Taylor Had a Cell Phone, ECF No. 213, is **DENIED WITHOUT PREJUDICE**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: September 21, 2026