UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 25-20560

HON. SUSAN K. DeCLERCQ

D-1 DAVID TAYLOR,
D-2 MICHELLE BRANNON, and
D-3 KATHLEEN KLEIN,

Defendants.

**UNITED STATES' NOTICE OF VIOLATION OF THE PROTECTIVE ORDER**

On or about October 23, 2026, this 40-minute video was posted on the public YouTube page of "David E. Taylor: Miracles in America": https://www.youtube.com/watch?v=nutG10HAiz0. The video includes:

(1) Images of FBI reports that were produced by the government in discovery, including the names of an FBI agent, FBI task force officers, and a Monroe County Sheriff's Office Deputy. *See* 1:13–16; 1:23; 27:38–59; 28:43–56; 31:33–58.

(2) Artificial intelligence (AI) images of Your Honor. *See* 26:40–44; 28:36–38; 28:59–29:02.

(3) AI images of the courtroom. *See* 6:43–46; 32:10–14.

(4) An AI-generated audio recording purporting to be of the September 24, 2026, hearing on the defendants' Motions to Dismiss the Second Superseding Indictment using the actual voice of one of the prosecutors. *See* 7:25–46.[1]

The display of FBI interview reports violated the Protective Order in this case. The AI images and sound effects of the Court and motion hearing run perilously close to violating the prohibition against recording or broadcasting federal court proceedings. This is neither a motion to show cause nor a request for sanctions. Instead, the government is notifying the Court of the violations of the Protective Order and respectfully requesting that the Court remind the defense of the content of the protective order with a view toward preventing such violations in the future.

## **The Protective Orders**

The protective order in this case forbids defense counsel from disseminating or providing copies of discovery materials to the defendants or to anyone outside

---

[1] The video is hosted by Kearisten (Kea) Jones, the Vice President and a member of the Board of Directors of the Kingdom of God Global Church (KOGGC). (*See* ECF No. 89, PageID.878–85; ECF. No. 122, PageID.1184–85; ECF No. 241-1, ¶ 4, PageID.4588). The video, *inter alia,* contends that the federal government is conspiring with Satan against the defendants, verbally attacks an Assistant U.S. Attorney, contains what the government believes to be AI images of that Assistant U.S. Attorney (3:07), verbally attacks the FBI, contains AI images of FBI agents (3:05; 5:06; 10:49; 12:45; 12:48; 19:30; 22:14; 29:04), calls for viewers to enlist in "God's army" (32:31; 33:03), compares defendant David Taylor to Martin Luther King, Jr. (36:54), advertises future KOGGC events (37:51; 38:36–39:14), and asks viewers to donate to KOGGC (33:30–43; 37:55–59).

of the defense team. Paragraph 2 of the original Protective Order, to which the parties stipulated at the outset of the case on September 16, 2025, and paragraph 2 of the Amended Protective Order that Judge Berg entered on May 7, 2026, are identical:

> All discovery materials disclosed to defense counsel by the Government, and any copies, notes, transcripts and documents derived or prepared from discovery materials, shall not be further disclosed, disseminated or discussed by the Defendants to, or with, any individuals, organizations or other entities, except for the defense team (including but not limited to non-lawyer personnel such as private investigators, analysts and potential experts who are directly employed by defense counsel and subject to defense counsel's supervision).

(ECF No. 22, ¶ 2, PageID.121; ECF No. 133, ¶ 2, PageID.1386).

The Amended Protective Order allows defense counsel to print and make electronic copies of discovery materials "so long as they remain in defense counsels' or the defense team's possession." (ECF No. 133, ¶ 12, PageID.1390). The Amended Protective Order permits (with certain limitations) defense counsel to discuss and show—but not to disseminate or provide copies of—discovery materials to potential witnesses. (*Id.*, ¶¶ 3, 4, 9, PageID.1386–89). The Amended Protective Order prohibits providing copies of discovery materials to any of the defendants, including a detained defendant. (*Id.*, ¶¶ 11, 13, PageID.1389–90). The Amended Protective Order specifies that any discovery materials taken into a jail

facility "will not leave that defense counsel's sight or custody." (*Id.*, ¶ 11(a), PageID.1389). Paragraph 20 of the Amended Protective Order states in part:

> Any willful violation of any term or condition of this Amended Protective Order by a Defendant, counsel for the defense parties, or any member of the defense team, may be cause for a finding of contempt of court, and/or an order subjecting the violator to monetary or other sanctions as deemed appropriate by this Court.

(*Id.*, ¶ 20, PageID.1392).

**FBI Reports**

The discovery materials the government has produced in this case include two FBI reports displayed in the YouTube video. The government initially produced the reports (without bates stamps and watermarks) to defendant Michelle Brannon's counsel on June 30, 2026, in advance of a bond hearing the following day. The government produced the two reports again (bates stamped with Protective Order watermarks) to counsel for all of the defendants on August 13, 2026.

The video at one point includes a caption claiming that the FBI reports were "RECEIVED FROM FOIA." *See* 31:33–58. This is false. The government has not produced the reports in response to a Freedom of Information Act request. The government produced the FBI reports to defense counsel in discovery. The government is unaware of any way the defendants or third parties could have

obtained the FBI reports other than through the discovery the government provided to defense counsel.

The video repeatedly displays the name of one FBI agent. *See* 1:13–16; 31:33–58. The video also highlights the name of that FBI agent and three FBI task force officers. *See* 27:38–50.[2] *See* 1:13, 28:43, 31:37. The defense previously named the FBI agent in a public pleading (ECF No. 129, PageID.1313-15)[3] and supporters of the defendants have, unfortunately, vilified the FBI agent in various public forums. However, the FBI task force officers whose names are pointedly highlighted in the YouTube video have not previously been identified.

Violations of the Protective Order that result in putting into the public domain the names of multiple law enforcement officers are not insignificant. Doxxing, or the act of publicly revealing and publishing private or identifying information about someone online without their consent, is an increasing threat to law enforcement officers, prosecutors, judges, and other public officials.[4] A

---

[2] In addition, the video displays FBI internal report numbers. The government has previously advised defense counsel that FBI internal report numbers should be redacted from any materials filed on the public docket.

[3] After the defense named the FBI agent in a motion for discovery, the government did not redact the FBI agent's name from relevant FBI interview reports submitted as exhibits to the government's response. (ECF No. 137-2, 137-3, 137-4, 137-5, PageID.1424–29).

[4] *See, e.g.*, https://nationalpolice.org/the-national-police-association-endorses-the-stop-the-doxx-act/; https://www.congress.gov/bill/119th-congress/house-bill/8927/text; https://www.naag.org/attorney-general-journal/the-escalating-threats-of-doxxing-and-swatting-an-analysis-of-recent-developments-and-legal-

KOGGC follower already has been indicted for threatening the lives of a judge assigned to this case, an FBI agent who investigated the defendants, and one of the prosecutors. *See United States v. Makeda Charles*, Case No. 26-CR-20279 (E.D. Mich.).

**Broadcasting Judicial Proceedings**

Local Rule 83.31(c)(1) prohibits the "taking of photographs in connection with any judicial proceeding and the recording or broadcasting of judicial proceedings by radio, television or other means." The local rule is consistent with Rule 53 of the Federal Rules of Criminal Procedure, which states: "Except as otherwise provided by a statute or these rules, the court must not permit the taking of photographs in the courtroom during judicial proceedings or the broadcasting of judicial proceedings from the courtroom."

The video's depictions of Your Honor and the courtroom appear to be generated by AI. The video's purported quotation of one of the prosecutors during the hearing on the motion to dismiss is labeled in the video as: "AI VOICE READING THE OFFICIAL TRANSCRIPT." The video appears to have been constructed by feeding other publicly available recordings of the prosecutor's voice (*see* ECF Nos. 25, 26, 33–35, 43, 49, 50, 100, 118, 120, 264–266) and the

---

responses/; https://www.cbsnews.com/news/threats-government-officials-prosecutions/.

transcript from the hearing (ECF No. 270) into AI to generate this portion of the video.

**Conclusion**

The government is bringing the violations of the Protective Order and the related issues in the YouTube video to the Court's attention and requests that the Court remind defense counsel to abide by the Amended Protective Order and take any further steps in their power to ensure that the order is not violated again in the future.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

s/*Craig Wininger*
CRAIG WININGER
DIANE PRINC
Assistant U.S. Attorneys
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226

A. TYSEN DUVA
Assistant Attorney General

s/*Christina Randall-James*
CHRISTINA RANDALL-JAMES
PATRICK JASPERSE
Trial Attorneys
U.S. Department of Justice
Criminal Division
Human Rights and Special Prosecutions Section
1301 New York Avenue, NW
Washington, DC 20530

Date: October 29, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*s/Craig Wininger*
CRAIG WININGER
Assistant U.S. Attorney