UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAVID TAYLOR, et al.,

Defendants.
_______________________________/

Case No. 2:25-cr-20560

Honorable Susan K. DeClercq
United States District Judge

**ORDER GRANTING UNOPPOSED MOTION TO SEAL (ECF No. 228) AND DENYING DEFENDANT DAVID TAYLOR'S MOTION TO REOPEN THE DETENTION HEARING OR FOR BOND REDETERMINATION HEARING AND FOR EXPEDITED HEARING (ECF Nos. 229; 230)**

Now before this Court is Defendant David Taylor's fourth request to reconsider whether he should be detained pending trial. He presents a substantial amount of evidence, almost none of which is newly obtained. Of the two pieces of evidence that are arguably newly obtained, neither is material to the issue of detention. Therefore, this Court will deny Taylor's request.

## I. BACKGROUND

On July 23, 2025, a grand jury indicted David Taylor on eight counts of forced labor, one count of conspiracy to commit forced labor, and one count of money laundering conspiracy. *See* ECF No. 1. On October 17, 2025, after briefing and a

hearing, Magistrate Judge Kimberly G. Altman ordered Taylor to be detained pending trial. *See* ECF Nos. 46–48; 56.

Taylor quickly moved to revoke the detention order. ECF Nos. 53; 57. On October 21, 2025, District Judge Terrence G. Berg held a lengthy hearing on that motion. *See* ECF No. 62. During that hearing, the Government argued that Taylor ordered physical assaults against members of his church, Kingdom of God Global Church ("KOGGC"), as punishment for disobedience. *Id.* at PageID.400–03. Further, the Government argued, Taylor deprived KOGGC workers of food and sleep as punishments. *Id.* at PageID.403–06. And the Government argued that Taylor coerced women into sending him sexually explicit materials. *Id.* at PageID.408–09.

In response, Taylor presented witness testimony that KOGGC members were free to travel and free to use their cell phones. ECF No. 62 at PageID.428–31. The witness testified that she had never seen "Taylor commit any acts of force." *Id.* at PageID.431. Taylor also argued that all KOGGC members and staff acted voluntarily. *Id.* at PageID.440. Further, he argued that the Government had not presented any evidence of physical violence. *Id.* at PageID.447–48.

Judge Berg conducted a *de novo* review of the evidence. ECF No. 62 at PageID.466. He noted that the charged offense of forced labor was "quite serious" because it "is considered a violent crime," which carries a presumption of detention to protect the community. *Id.* at PageID.467. However, Taylor had presented

evidence to rebut the presumption, so Judge Berg evaluated the factors under the Bail Reform Act, 18 U.S.C. § 3142(g). *Id.* at PageID.468.

Judge Berg reiterated that the forced labor offense charged was "extremely serious," and that the Government had alleged Taylor used "threatening, abusive language" against KOGGC members. ECF No. 62 at PageID.469–70. Judge Berg found that "the weight of the evidence regarding danger" was "quite significant" for several reasons. *Id.* at PageID.474. First, Judge Berg noted the "repeated conduct involving the intimidation and the control and the coercion of individuals," particularly through "the deprivation of food, the deprivation of sleep, and even the deprivation of shelter." *Id.* Second, Judge Berg considered the coerced sexually explicit messages, images, and videos, as well as Taylor's threats to disseminate those images. *Id.* at PageID.475–76. Finally, Judge Berg noted that the allegations of physical violence "weigh[] in favor of detention." *Id.* at PageID.477. All told, Judge Berg found that Taylor's "pattern of abusive conduct, manipulative conduct, and in some cases violent conduct and coercive conduct" posed a serious danger to the community were Taylor released, and that no conditions could separate Taylor "from the entity that engaged in all that kind of conduct and resulted in these charges." *Id.* at 480. Judge Berg therefore denied Taylor's motion. ECF No. 58.

Taylor moved for reconsideration, arguing that the Government's proffer was insufficient because it was too general and vague, the Government overstated its

evidence, and additional evidence disproved the Government's allegations. ECF No. 64. The Government disagreed, arguing that Taylor had simply rehashed the arguments already considered by the Court and that he had not met the standard to reopen a detention hearing as set forth in 18 U.S.C. § 3142. ECF No. 69.

On December 15, 2025, Judge Berg again heard argument. *See* ECF Nos. 76; 113. During that hearing, Taylor admitted that there was evidence that KOGGC members had been physically assaulted, ECF No. 113 at PageID.1102, but argued that there was newly discovered evidence—videos of KOGGC members showing them "healthy" rather than suffering, *id.* at PageID.1109. Taylor also argued that in his read, the Federal Bureau of Investigation ("FBI") 302 records[1] showed that KOGGC members were volunteers who could leave if they wanted. *Id.* at PageID.1112. Essentially, Taylor argued that he presented evidence that "contradict[ed]" the Government's narrative. *Id.* at PageID.1113.

The Government responded that Taylor had not presented any new evidence. ECF No. 113 at PageID.1117–18. It argued that Taylor had ample opportunity between his arrest and the initial detention hearing to investigate and present evidence from KOGGC members. *Id.* at PageID.1118. That Taylor did not do so, the Government argued, does not permit him to provide additional evidence and now

[1] Form 302 is the form used by the FBI to memorialize an interview. *See FBI's Interview Report Form FD-302*, PRAC. L. GLOSSARY: WestLaw W-015-5755 (last accessed Nov. 5, 2026).

label it new. *Id.* Further, it argued, nothing Taylor presented reduced the strength of the Government's prior presentation of dangerousness. *Id.* at PageID.1119.

After reviewing eight FBI 302s, Judge Berg issued a lengthy opinion denying Taylor's motion. ECF No. 108 at PageID.1029–30. Judge Berg noted that "[t]he bulk of Taylor's motion is backward-looking; it seeks to re-fight the battle of the previous hearings and argues that the Government's proffer was wholly insufficient." *Id.* at PageID.1039 (internal quotation marks, citation, and brackets omitted). These sorts of arguments, Judge Berg explained, do not present new information as required by § 3142. *Id.* Further, Taylor's arguments largely concerned "the merits of his defense," rather than the dangerousness factors that were actually relevant at this stage. *Id.* at PageID.1040. Judge Berg therefore denied Taylor's motion. *Id.* at PageID.1049.

Taylor timely appealed. ECF No. 114; *see also United States v. Taylor*, 189 F.4th 521 (6th Cir. 2026). While that appeal was pending,[2] the case was reassigned to the undersigned. ECF Nos. 158; 161.

On appeal, the Sixth Circuit, like Judge Berg, explained that "Taylor advances arguments that are largely untethered from the § 3142(g) factors." *Taylor*, 189 F.3d at 525. The Sixth Circuit "agree[d] with the district court that [the § 3142] factors

[2] During the pendency of the appeal, Taylor *again* moved for bond redetermination. *See* ECF Nos. 206; 207. This Court denied that motion for lack of jurisdiction. ECF No. 214.

weigh in favor of detention and support the determination that no conditions could ensure the safety of the community if Taylor were released." *Id.* at 526. Specifically, the Sixth Circuit rejected Taylor's argument that the "[G]overment's proffer regarding physical violence that he committed or directed was too 'vague' and 'uncontextualized' to be accepted by the district court." *Id.* Similarly, the Sixth Circuit rejected Taylor's argument that the sexually explicit material he obtained could not support pretrial detention. *Id.* at 527. Therefore, the Sixth Circuit affirmed the Court's order denying Taylor's motion to revoke his pretrial detention order. *Id.*

On the same day the Sixth Circuit issued its decision, *see* ECF Nos. 231; 232, Taylor moved to reopen the detention hearing, ECF Nos. 229 (sealed); 230. The motion is fully briefed, *see* ECF Nos. 239; 255, and this Court has determined that oral argument is not necessary, *see* E.D. Mich. LR 7.1(f). Taylor also moves to seal the exhibits to his motion to reopen. ECF No. 228.

## II. LEGAL STANDARD

This Court has discretion to reopen a detention hearing if (i) "information exists that was not known to the movant at the time of the hearing," and (ii) the new information "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of [the defendant at trial] as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B). "In other words, the new information must be of a nature that would

increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012).

The first prong is analyzed "strictly," requiring truly new information. *United States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *1 (6th Cir. May 21, 2020) (order). Information is not new if it could have been presented at the previous hearing. *See id.* This requirement "precludes a party from a second bite of the detention apple unless there is some demonstrated legitimate reason for not having initially presented the evidence." *United States v. Gilmore*, No. 3:24-CR-19, 2024 WL 4942370, at *2 (E.D. Tenn. Dec. 2, 2024) (citation omitted). In turn, "a defendant cannot re-open detention to present evidence that he could have investigated before the detention hearing." *Id.* (citation omitted).

The materiality prong requires that the new information be "sufficiently material to the issue of dangerousness." *United States v. Sandles*, 9 F. App'x 377, 379 (6th Cir. 2001). Information that merely rehashes "a defendant's own evaluation of his character or the strength of the case against him" is not relevant to the detention analysis. *United States v. Jerdine*, No. 1:08 CR 00481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009), *aff'd*, 511 F. App'x 391 (6th Cir. 2013). Rather, § 3142 requires "truly changed circumstances, something unexpected, or a

significant event." *Id.* And evidence that goes to "the defendant's guilt" is not relevant here. *See United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010).

## III. DISCUSSION

This is Taylor's fourth bite at the apple. After Magistrate Judge Altman ordered him detained pending trial, Taylor unsuccessfully appealed. He then sought reconsideration, and he appealed to the Sixth Circuit. After each of his first three attempts to secure pretrial release failed, he returned again—but like each time before, this Court will deny Taylor's request.

### A. New Evidence

Taylor presents a wealth of evidence with his motion, but never explains why any of it is new, as required by § 3142. *See generally* ECF No. 230. In fact, Taylor twice concedes that some evidence is *not* new. *Id.* at PageID.4129 n.15, 4141 n.27. The Government responds that vast swaths of this evidence could have been discovered before Taylor's original detention hearing, given that it is generated from KOGGC members who were known and available to Taylor long before this prosecution began. *See generally* ECF No. 239. This Court finds that very little of the evidence Taylor seeks to present is new.

Primarily, Taylor relies on statements from KOGGC members. He raises several arguments based on these statements. *First*, Taylor claims that the Government's allegation that he recruited congregants to join KOGGC is

misleading. ECF No. 230 at PageID.4114–17. In support, he cites 13 statements from members of the KOGGC community explaining that they voluntarily joined KOGGC—they "sought out Pastor Taylor and KOGGC, not the other way around." *Id.* at PageID.4114. *Second*, Taylor claims that KOGGC members were not "involuntarily isolated from their family or friends." *Id.* at PageID.4118, *see also id.* at PageID.4117–20. Here, Taylor provides myriad interview transcripts of KOGGC ministers reporting they retained possession of "at least one electronic device, travel documents, bank/credit cards, and/or identification documents." *Id.* at PageID.4118–19. *Third*, Taylor argues that KOGGC members had unrestricted access to medical care, food, movement, and other benefits, citing five members' statements and text messages. *Id.* at PageID.4120–27. *Fourth*, Taylor argues that full-time ministers were free to leave KOGGC at any time. *Id.* at PageID.4128–31. In support, he cites "recently produced recordings" of himself. *Id.* at PageID.4128. *Fifth*, Taylor argues that the Government's presentation of evidence of violence was deceptive, again citing statements from members of KOGGC. *Id.* at PageID.4132–37.

But critically, Taylor offers no reason why he could not have presented all this evidence at his initial detention hearing in October 2025. As leader of the church, Taylor was likely aware of these individuals, and he had ample opportunity to compile and present these statements long ago. Indeed, at the November 17, 2026, hearing, counsel indicated he had "sp[oken] directly and indirectly with a number of

witnesses." ECF No. 67 at PageID.536. Even more obviously, statements Taylor himself made were always discoverable to him. Therefore, this Court finds that the vast majority of Taylor's evidence is not new, given that Taylor could have presented it to the court at prior hearings. *See Bothra*, 2020 WL 2611545, at *1.

Taylor also argues that the Government's evidence of harassment and stalking is old and vague. ECF No. 230 at PageID.4137–39. Not only has the Sixth Circuit already rejected this argument, *see Taylor*, 189 F.4th at 526–27, but Taylor presents nothing new here. Rather, he asks this Court to reevaluate the FBI 302 interview transcripts that Judge Berg already considered—and concluded supported the Government's case for detention. ECF No. 108 at PageID.1046. This evidence is plainly not new and may not be considered.

However, there are two pieces of evidence that are arguably new. First, Exhibit WW contains text messages obtained in discovery. ECF No. 229-2 at PageID.4054–98 (sealed) While Taylor offers no explanation as to why he could not have obtained these earlier, it is not clear who sent and received the messages. It is possible Taylor was not privy to these conversations until they were produced in discovery, so out of an abundance of caution, this Court will consider their materiality below.

Second, Taylor argues that recently produced discovery disproves that he disseminated sexually explicit images. ECF No. 230 at PageID.4139–41. He argues

that a newly produced summary of an alleged victim's FBI 302 shows that her fear of dissemination was in response to a hypothetical question from the FBI, rather than an actual fear that Taylor might disseminate her images. *Id.* at PageID.4140. This evidence is arguably new, and this Court will consider whether it is material below.

At bottom, Taylor has only presented two pieces of arguably new evidence: text messages showing that KOGGC members had freedom of movement, and a summary of one female victim's FBI 302. The remainder of evidence presented in his motion is not new and therefore does not warrant reopening his detention hearing.

**B. Materiality of Evidence**

As noted above, this Court need only consider the materiality of two pieces of evidence: the text messages and the FBI 302 summary. As explained below, neither supports reopening the detention hearing.

The text messages touch on the availability of and access to food and medical care. *See* ECF No. 229-2 at PageID.4054–98 (sealed). This Court finds that neither is material as to dangerousness. First, Taylor *concedes* that food was sometimes restricted from KOGGC members, *see, e.g.*, ECF No. 230 at PageID.4123, so evidence that food was sometimes not restricted is immaterial to his dangerousness. Second, as to medical care, this Court notes that Judge Berg's detention determination was focused on three factors—Taylor's deprivation of KOGGC members' food, sleep, and shelter; physical violence; and disclosure of sexually

explicit materials. *See* ECF No. 62 at PageID.474–77. That some KOGGC members were able to receive medical care does not negate that they were under apparently strict food, sleep, and shelter restrictions. This Court therefore finds that these text messages do not present "truly changed circumstances, something unexpected, or a significant event" that would justify reopening the detention hearing. *See Jerdine*, 2009 WL 4906564, at *3.

As to the newly disclosed summary of the FBI 302 interview, Taylor argues that this was the only evidence of release of sexually explicit images, and it must be discounted because the interviewee only expressed concern that Taylor would disseminate images of her in response to a hypothetical question posed by the FBI agent. ECF No. 230 at PageID.4140–41. But Taylor selectively quotes the evidence. What he leaves out is the victim's "eerie suspicion that the staff knew what she had sent to Taylor." ECF No. 229-2 at PageID.3834 (capitals omitted). The victim stated that she "had a feeling that some of the photos she sent to Taylor were seen by some of his friends." *Id.* (capitals omitted). Therefore, the hypothetical question is supported by the victim's actual "suspicion" that Taylor did, in fact, disseminate sexually explicit images of her. Accordingly, this Court finds that this evidence supports, rather than undercuts, the Courts' findings that Taylor poses a danger to the community. *See* ECF Nos. 56; 58; 62; 108; 231; 232.

For these reasons, this Court finds that Taylor has not met the requirements of § 3142 to reopen his detention hearing, so his motion will be denied.[3]

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Taylor's Unopposed Motion to Seal, ECF No. 228, is **GRANTED**.

It is further **ORDERED** that Taylor's Motions to Reopen the Detention Hearing or for Bond Redetermination Hearing and for Expedited Hearing, ECF Nos. 229 (sealed); 230, are **DENIED**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: November 10, 2026

[3] In a single paragraph, Taylor also argues that his Due Process rights have been violated because the Government has presented false and misleading information to secure his pretrial detention. ECF No. 230 at PageID.4112–13. But "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (citation modified). This Court finds that Taylor's argument—which makes no effort to demonstrate why he believes the Government's evidence is false and relies solely on two out-of-circuit district court cases—is insufficiently pleaded such that it is waived at this juncture. *See id.* Therefore, this Court need not consider Taylor's Due Process challenge.